# STATE OF MICHIGAN

# COURT OF APPEALS

---

PRECIOUS HACKETT and JAMES HACKETT,

UNPUBLISHED
August 27, 2015

Plaintiffs-Appellants,

v

No. 320901
Wayne Circuit Court

ST. JOHN HOSPITAL AND MEDICAL
CENTER,

LC No. 13-004298-NH

Defendant-Appellee.

---

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court order granting summary disposition to defendant in this medical malpractice action. We affirm.

The operative facts in this case are undisputed. On September 29, 2012, plaintiffs served defendant with a notice of intent (NOI) to file a medical malpractice claim pursuant to MCL 600.2912b. On March 29, 2013, 181 days later, plaintiffs filed a complaint alleging that plaintiff Precious Hackett was injured as a result of negligent care provided by defendant and its medical staff in September 2010. Plaintiff James Hackett alleged loss of consortium as a result of Precious's injuries.

Defendant answered that plaintiffs' claims were barred because they had failed to comply with the notice provisions of MCL 600.2912b, specifically, that plaintiffs had filed their complaint one day before the expiration of the 182-day waiting period required by the statute. The trial court agreed and granted summary disposition in favor of defendant, ruling that because plaintiffs' complaint was filed one day early, they did not "commence" their action and, because the statute of limitations had run, defendant was entitled to summary disposition. The court also noted that because the action was not "pending" due to plaintiffs' early filing, it was prohibited

-1-

from using MCL 600.231 to amend the filing date or otherwise rescue plaintiffs' claims. On appeal, plaintiffs allege that these rulings were in error.[1]

The Michigan Supreme Court recently rejected the same arguments that plaintiffs make here. In *Tyra*, slip op at 19-20, the Court held that "plaintiffs' filing of their complaints before the expiration of the NOI waiting period did not commence their actions or toll the running of the limitations period." Thus, according to the Supreme Court, plaintiffs' filing of their complaint before the expiration of the 182-day waiting period did not commence their action or toll the running of the statute of limitations. The *Tyra* Court also held that MCL 600.2301 cannot save a medical malpractice action where the complaint was filed one day before the expiration of the 182-day waiting period because "MCL 600.2301 only applies to pending actions or proceedings and there were never pending actions in these cases. Plaintiffs' complaints, filed before NOI waiting period expired, could not commence an action." *Id.*, slip op at 20.

Affirmed. Costs shall not be taxed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause

---

[1] We review a trial court's grant of summary disposition de novo. See *Tyra v Organ Procurement Agency of Mich*, ___ Mich ___; ___ NW2d ___ (July 22, 2015; Docket Nos. 148079, 148087 & 149344), slip op at 6.